O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CAPTAIN ERIC KEVIN SCHMIDT, USMC,<br><br>    Plaintiff,<br><br>  v.<br><br>UNITED STATES OF AMERICA,<br><br>    Defendants. | Case No. EDCV 12-01539 VAP<br>**EDCR 10-00018 VAP**<br><br>**ORDER GRANTING RESPONDENT'S MOTION TO DISMISS**<br><br>**[Motion filed on October 11, 2012]** |

Before the Court is a motion to dismiss, filed by the United States ("Respondent") (Doc. No. 8) ("Motion"). The Motion is unopposed. The Court finds the matter appropriate for resolution without a hearing. See Fed. R. Civ. P. 78; Local R. 7-15. After considering the papers filed in support of the Motion, the Court GRANTS the Motion.

**I. BACKGROUND**

Petitioner Eric Kevin Schmidt ("Petitioner"), currently an inmate at the Taft Correctional Institution

1  in Taft, California, is serving concurrent sentences of
2  72 months and 36 months, imposed by this Court on
3  February 7, 2011.  (Mot. at 1.)  Petitioner challenges
4  the constitutionality of his conviction pursuant to 28
5  U.S.C. §§ 2255.  (<u>See</u> Petition for Writ of Habeas Corpus
6  (Doc. No. 1) (the "Petition").)

8     On March 4, 2010, Respondent filed a two-count
9  information against Petitioner based on violations of
10 Title 18, United States Code, Sections 1343, 1349,
11 conspiracy to commit wire fraud ("Count One"), and Title
12 26, United States Code, Section 7206(1), subscribing to
13 false income tax return ("Count Two").  (<u>See</u> Doc. No. 1
14 in <u>United States v. Eric Schmidt, et al.</u>, ED CR 10-18 VAP
15 (the "Criminal Action").)  On May 17, 2010, pursuant to a
16 written plea agreement, Petitioner appeared before the
17 Court and pled guilty to both counts of the information.
18 (<u>See</u> Doc. Nos. 10, 29, and 30 in the Criminal Action.)

20    On February 7, 2011, Petitioner was sentenced by this
21 Court to a term of imprisonment of 72 months on Count One
22 and a term of imprisonment of 36 months on Count Two,
23 which were to be served concurrently.  (<u>See</u> Doc. No. 55
24 in the Criminal Action.)  The Court issued its judgment
25 and commitment order on the same date.  (<u>See</u> Doc. No. 56
26 in the Criminal Action.)  Also on the same date, the
27 Court issued an amended judgment and commitment order to
28

1 reflect the correct surrender date. (See Doc. No. 59 in
2 the Criminal Action.) Petitioner did not appeal his
3 sentence to the Ninth Circuit Court of Appeals. (See
4 Declaration of Assistant United States Attorney Allen W.
5 Chiu ("Chiu Declaration") ¶ 3.)

7     On April 4, 2012, Petitioner filed a "Motion for
8 Relief of Order(s) and Judgment(s) Pursuant to F.R.Civ.P.
9 Rule 60(b)(4)." (See Doc. No. 97 in the Criminal Action
10 ("Rule 60 Petition").) On May 17, 2012, the Court issued
11 an order construing the Rule 60 Petition as a collateral
12 attack on Petitioner's criminal conviction, made pursuant
13 to 28 U.S.C. § 2255. (See Doc. No. 99 in the Criminal
14 Action.) The Court dismissed the Rule 60 Petition,
15 without prejudice to Petitioner's future filing of a
16 motion under 28 U.S.C. § 2255. (Id.)

18     On August 27, 2012, Petitioner filed his Petition
19 pursuant to 28 U.S.C. § 2255. (See Doc. No. 1; see also
20 Doc. No. 106 in the Criminal Action.)

22     Respondent filed the instant Motion on October 11,
23 2012, seeking to dismiss the Petition. The Motion is
24 unopposed.

## II. DISCUSSION

A one-year statute of limitations period applies to motions for relief under Section 2255.  See 28 U.S.C. § 2255(f).  In most circumstances, the statute of limitations begins to run from "the date on which the judgment of conviction becomes final."  Id.  A defendant's "conviction is final in the context of habeas review when 'a judgment of conviction has been rendered, the availability of appeal exhausted, and the time for a petition for certiorari elapsed or a petition for certiorari finally denied.'"  United States v. Schwartz, 272 F.3d 1220, 1223 (9th Cir. 2000) (quoting Griffith v. Kentucky, 479 U.S. 314, 321 n. 6 (1987)).  When a defendant does not seek an appeal, his or her conviction becomes final at the time the notice of appeal expires, 14 days after the entry of judgment.  See Fed. R. App. P. 4(b); see also Schwartz, 272 F.3d at 1223.

Petitioner was sentenced on February 7, 2011, and the judgment and commitment order issued the same day.  (See Doc. Nos. 56, 59 in the Criminal Action.)  The deadline for Petitioner to file a notice of appeal expired 14 days after the entry of judgment, or February 21, 2011.  Thus, Petitioner's conviction became final on February 21, 2011, and he had one year from that day, until February 21, 2012, to file a motion for relief under Section 2255.

    Petitioner filed his Petition for relief under 28 U.S.C. 2255 on August 27, 2012, more than six months after the deadline.  Accordingly, the Petition is barred by the one-year statute of limitations period.  Even if the Court construed the date of the filing of the Rule 60 Petition, April 4, 2012, as the date of the instant Petition, the Petition would still be time-barred.

    Accordingly, the Petition, filed more than one year after the statute of limitations period expired, is time-barred.

### III. CONCLUSION

For the reasons set forth above, the Court GRANTS Respondent's Motion, and the Petitioner's Petition for Writ of Habeas Corpus is DISMISSED WITH PREJUDICE.

Dated: May 2, 2013

                              VIRGINIA A. PHILLIPS
                              United States District Judge